IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-80087-TLS |
| | ) | |
| MELVIN JERRY WILLS, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on June 22, 2009, on a Motion for Determination of Claim and for Return of Seized Funds filed by Debtor (Fil. #29), a Resistance by the State of Nebraska (Fil. #40), and a Response by Debtor (Fil. #42). Richard Register appeared for Debtor, and Jessica Rasmussen appeared for the State of Nebraska ("State").

At the hearing, the State was ordered to brief the substantive issues by July 17, 2009. Ms. Rasmussen filed her brief on behalf of the State in a timely manner. Mr. Register was ordered to file a response brief by July 31, 2009. He failed to do so. Instead, he filed a Motion to Extend Time (Fil. (#51) which was granted, giving him until August 10, 2009, to file his response brief. Instead of filing his brief, he has filed a further motion for extension of time.

Addressing first the Motion to Extend Time (Fil. #53), it is important to note that it is Mr. Register who filed the underlying motion to determine the State's claim. Therefore, he should have been prepared to submit his legal position when he filed the motion back in March. Even if he were unable to do so on that date, he has had almost two months since the hearing was held. There is simply no valid basis for further extending his time to file a brief. The motion (Fil. #53) is denied.

The Motion for Determination of Claim and for Return of Seized Funds (Fil. #29) asserts that the State, by and through the Nebraska Child Support Payment Center, intercepted Debtor's tax refund post-petition to pay a delinquent domestic support obligation in the amount of $1,220.11. Those funds were paid out to Debtor's former spouse. Debtor asserts that he had previously paid that obligation directly to his former spouse and that there was no delinquency. However, Debtor appears to acknowledge that the official records of the Nebraska Child Support Payment Center still showed the delinquency at the time the tax refund was intercepted. At one point, the matter was settled (Fil. #39). The parties were unable to finalize a settlement agreement, and a hearing was scheduled. At the hearing, the Court ordered each party to submit its legal position in writing.

Ms. Rasmussen has filed a brief on behalf of the State (Fil. #49). No response has been filed to that brief nor has any evidence been filed to contradict the position of the State. Accordingly, the motion (Fil. #29) is denied for failure to file a response brief as ordered by this Court. Further, the motion is denied on its merits because 11 U.S.C. § 362(b)(2)(F) clearly provides that the bankruptcy filing does not operate as a stay of the interception of a tax refund. Therefore, to the extent Debtor believes he has overpaid his ex-spouse as a result of the interception of his tax refund, Debtor can seek an appropriate refund or credit in the state courts.

IT IS, THEREFORE, ORDERED that (1) Debtor's Motion to Extend Time (Fil. #53) is denied; and (2) Debtor's Motion for Determination of Claim and for Return of Seized Funds (Fil. #29) is denied.

DATED: August 11, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
  *Richard Register
  Jessica Rasmussen
  Kathleen Laughlin
  United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.